UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NEDRICK J. HARDY, SR., | ) | |
| | ) | No. 10 C 5921 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge Thomas M. Durkin |
| | ) | |
| PARTHA GHOSH, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Dr. Partha Ghosh has submitted a bill of costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54.1 of the Local General Rules for the Northern District of Illinois. R. 286. The Plaintiff has objected to the bill of costs, arguing it should be denied because of his indigency. Plaintiff has demonstrated he is unable to pay costs now and it is unlikely he will ever be able to do so in the future. Moreover, taking into account the amount of costs and the good faith of the losing party, the Plaintiff has overcome the presumption in favor of awarding costs to the prevailing party.

On September 17, 2010, Plaintiff, a state prisoner, filed a pro se complaint pursuant to 42 U.S.C. § 1983. He was allowed to proceed *in forma pauperis*, and an attorney was appointed to represent him. On August 29, 2013, summary judgment was denied as to some of his claims. A jury trial was held from September 16, 2013, to September 20, 2013, at which time a verdict in favor of the remaining Defendants

was returned. On October 21, 2013, Defendant filed his motion in support of a bill of costs, seeking $9,336.05. Plaintiff responded to that motion on November 25, 2013, arguing the bill of costs should be denied in full because of his indigency, or in part because certain costs were either unreasonable, not recoverable, or not supported by the record.

Federal Rule of Civil Procedure 54(d)(1) says that costs shall be awarded to the prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. "[T]here is a strong presumption that costs will be awarded to the prevailing party." *U.S. Neurosurgical, Inc. v. City of Chi.*, 572 F.3d 325, 333 (7th Cir. 2009). This presumption may be overcome, however, by a showing of indigence on the part of the losing party. *Tallman v. Freedman Anselmo Lindberg LLC*, No. 11 C 3201, 2013 WL 4041412, at *2 (N.D. Ill. Aug. 7, 2013) (citing *Badillo v. Cent. Steel & Wire Co.*, 717 F.2d 1160, 1165 (7th Cir. 1983)). The decision to award costs under Rule 54(d) still remains within the district court's discretion. *See McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994).

In making its determination as to whether an indigent party should be held liable for costs, the Court, first, "must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future," and second, "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by the case." *Rivera v. City of Chi.*, 469 F.3d 631, 635 (7th Cir. 2006) (internal quotation marks omitted). The losing party is responsible for providing the Court with sufficient

documentation of his income, assets, and expenses, so the Court may properly consider it. *Id.* at 635.

In accordance with *Rivera*, the Court must first determine whether Plaintiff is incapable of paying the costs at this time or in the future. Plaintiff's affidavit reveals he has been incarcerated in state prison since 2000 and is not scheduled to be released until 2054. He was not employed before he was incarcerated, has not been employed in state prison, and only receives $10 each month as an unemployed inmate. The average balance in Plaintiff's trust fund account for the past six months was $24.37. He receives modest gifts from churches and friends, but these moneys, along with his monthly $10 payments, are used for paying filing fees in six other federal cases the Plaintiff has filed.

Defendant suggests that the Plaintiff received a monetary payment from the State of Illinois as a settlement of his claim in this case against defendants employed by the Illinois Department of Corrects. He submits that these monies should be used to pay the bill of costs. However, according to Plaintiff's affidavit, that settlement amount was completely withheld by the State in order to partially satisfy a past due child support obligation. Even with that offset, the Plaintiff still owes over $100,000 in past due child support. Supporting documentation for these assertions was submitted as attachments to Plaintiff's affidavit. Based on these submissions, the Court finds that Plaintiff has met his burden of showing he has no ability to pay the costs at this time and is unlikely to be able to pay them in the future.

3

Next, the Court considers the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues by the case. The amount of costs is $9,386.05, a large amount in light of Plaintiff's indigency. The losing party acted in good faith—for example, a summary judgment motion brought by the Defendant was denied. Additionally, the Plaintiff presented a vigorous case before the jury. Although the jury found in favor of the Defendant, this was a case where sufficient evidence was presented that could have allowed a fact-finder to render a verdict in his favor. The Plaintiff has satisfied his burden as to the second issue of consideration as well.

Because Plaintiff has overcome the presumption that costs be awarded to the prevailing party, Plaintiff's objection is granted and the bill of costs, R. 286, is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: April 28, 2014